## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------  x
                                                        :
Brittany Ann Pace, individually and on                  :
behalf of all others similarly situated,                :     CASE NO.
                                                        :
              Plaintiff,                                :
                                                        :
       v.                                               :     CLASS ACTION COMPLAINT
                                                        :
WaterWipes (USA) Inc.,                                  :     JURY TRIAL DEMANDED
                                                        :
              Defendant.                                :
                                                        :
------------------------------------------------------  x
```

Plaintiff Brittany Ann Pace ("Plaintiff"), on behalf of herself and all others similarly

situated, by and through her attorneys, brings this Class Action Complaint against WaterWipes

(USA) Inc. ("Defendant"), based upon personal knowledge as to herself, and upon information,

investigation and belief of her counsel.

### SUMMARY OF THE ACTION

1.      This class action seeks to challenge Defendant's false and deceptive practices

in the marketing and sale of its purported biodegradable wipes (the "Wipes").[1] Specifically,

during the relevant class period, Defendant has sold the Wipes with front label representations

that lead reasonable consumers to believe that the Wipes are biodegradable. These

representations include the unqualified phrase "100% Biodegradable Wipes," along with the

image of a green leaf (collectively, "Biodegradable Representations"). *See* ¶ 10.

2.      Unbeknownst to consumers, the Biodegradable Representations are false and

---

[1] The Products include the WaterWipes Biodegradable Original Baby Wipes, WaterWipes Biodegradable
Textured Clean Baby Wipes, and WaterWipes Adult Care Sensitive Wipes.

misleading because the Wipes will not completely decompose within a reasonable time period after customary disposal. This is because the Wipes are customarily thrown in the trash, which means the Wipes ultimately end up in landfills or incinerators. These places do not have the conditions necessary to allow the Wipes to completely decompose within a reasonable time period.

3.      Plaintiff and other consumers purchased the Wipes and paid a price premium based upon their reliance on Defendant's Biodegradable Representations. Had Plaintiff and other consumers been aware that the Wipes will not biodegrade within a reasonable period of time, they would not have purchased the Wipes or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

<u>**PARTIES**</u>

I.   **Plaintiff**

4.      Plaintiff is a citizen of New York and currently resides in The Bronx, New York. In October 2022, Plaintiff purchased the WaterWipes Biodegradable Original Baby Wipes from Amazon.com. Plaintiff also customarily deposed of the Wipes by placing them in the trash (which means the Wipes ultimately ended up in landfills and/or incinerators). Based on the Wipes' Biodegradable Representations, Plaintiff reasonably believed that they would biodegrade within a reasonable time period after customary disposal. Had she known that this is not the case, she would not have purchased the Wipes, or would have paid significantly less for them.

II.  **Defendant**

5.      Defendant   WaterWipes   (USA),   Inc.   ("Defendant")   is   a   multinational

corporation organized and existing under the laws of the State of North Carolina that has its principal place of business in Portsmouth, New Hampshire.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

7.      This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in New York, and intentionally and purposefully placed the Wipes into the stream of commerce within New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased the Product in this District.

## FACTUAL BACKGROUND

9.      Defendant is responsible for the formulation, manufacturing, marketing, advertising, and sale of the purported biodegradable Wipes at issue in this case. The Wipes are sold across the country in thousands of retailers like Target, Walmart, and Walgreens. Defendant also sells the Wipes online at retailers like Amazon.com.

10.     During the relevant class period, Defendant has sold the Wipes with front label representations that lead reasonable consumers to believe that the Wipes are biodegradable. These representations include the unqualified phrase "100% Biodegradable Wipes," along with the image of a green leaf. *See images below*.

3







11.     Defendant also states on the back-label of the Wipes that they biodegrade in 4 weeks.

12.     Unbeknownst to consumers, the Biodegradable Representations are false and misleading because the Wipes will not completely decompose within a reasonable period of time after customary disposal. This is because the Wipes are customarily thrown in the trash, which means the Wipes end up in landfills and/or incinerators.[2] These places do not have the conditions necessary to allow the Wipes to completely decompose within a reasonable period of time. *See e.g.*, *Ass'n of Nat. Advertisers, Inc. v. Lungren*, 809 F. Supp. 747, 758 (N.D. Cal. 1992), *aff'd*, 44 F.3d 726 (9th Cir. 1994) ("The claim that a product is 'biodegradable, if composted' might be truthful, but if the product is only disposed in landfills, the alleged environmental attribute actually produces no benefit.").

---

[2] As stated on the front label of the Wipes, they are non-flushable. Thus, the Wipes are customarily disposed of in landfills and/or incinerators.

13.     The deceptive nature of Defendant's unqualified biodegradable claim has been addressed by the Federal Trade Commission ("FTC") in its Green Guides, which were created by the FTC to help companies avoid making misleading and deceptive claims.  Specifically, under 16 C.F.R. § 260.8(c) of the Green Guides, the FTC states:

> It is deceptive to make an unqualified degradable claim for items entering the solid waste stream if the items do not completely decompose within one year after customary disposal. ***Unqualified degradable claims for items that are customarily disposed in landfills, incinerators, and recycling facilities are deceptive because these locations do not present conditions in which complete decomposition will occur within one year***.

*Id*. (emphasis added).

14.     It is for this reason that the FTC requires companies to ***clearly and prominently*** qualify biodegradable claims "to avoid deception about: (1) the product's or package's ability to degrade in the environment where it is customarily disposed." 16 C.F.R. § 260.8(d).

15.     Accordingly, the FTC and its Green Guides further supports Plaintiff's allegations that she and other consumers have been misled by Defendant's Biodegradable Representations.

16.     It should be noted that Defendant's website states that the Wipes are biodegradable because they "meet the industry standard for biodegradability (EN13432) and will biodegrade in 12 weeks."[3]

17.     However, "EN 13432" is the degradability standard for Wipes disposed of *in*

---

[3] https://www.waterwipes.com/us/en/products/baby-care-products/baby-wipes

industrial **composting** *facilities*—not in landfills or incinerators.[4] As stated herein, the Wipes are customarily disposed of in landfills and/or incinerators, and nothing on the front label of the Wipes indicates to consumers that the Wipes must be disposed of in industrial composting facilities.

18.     This fact is important because the conditions in industrial composting facilities are very different than those in landfills and/or incinerators. Composting facilities require the diligent management of temperature, oxygen/aeration, and carbon/nitrogen ratios,[5] which allow certain products to actually biodegrade within a reasonable time frame. This is in stark contrast to the conditions maintained in landfills and incinerators. In particular, waste in landfills is buried, rather than being exposed to air, light, or oxygen. Such conditions essentially mummify the waste and prevent it from biodegrading within a reasonable amount of time.

19.     "Biologically and chemically, a landfill is a much more static structure than is commonly supposed. For some kinds of organics, biodegradation goes on for a little while, and then slows to a virtual standstill. For other kinds, biodegradation never really gets under way at all. Well-designed and managed landfills seem to be far more apt to preserve their contents for posterity than to transform them into humus or mulch. They are not vast composters; rather, they are vast mummifiers."[6]

20.     "The Garbage Project's excavations have unearthed such preserved perishables as heads of lettuce, Kaiser rolls, hot dogs, corncobs with their kernals intact, guacamole, and literally tons of datable, readable newspapers."[7]

---

[4] https://inside-packaging.nridigital.com/packaging_nov18/bioplastics_the_importance_of_en_13432_standard; https://www.european-bioplastics.org/faq-items/what-are-the-required-circumstances-for-a-compostable-product-to-compost/
[5] https://bpiworld.org/BPI-Composting/
[6] WILLIAM RATHJE AND CULLEN MURPHY, RUBBISH! THE ARCHAEOLOGY OF GARBAGE, pp.112-114 (2001).
[7] W. L. RATHJE, W. W. HUGHES, D. C. WILSON, M. K. TANI, G. H. ARCHER, R. G. HUNT, T. W. JONES, THE ARCHAEOLOGY OF CONTEMPORARY LANDFILLS, pp. 442-443 (1992).

21.     "Decomposition at most sites extends over a period of 20 years or more, largely due to low moisture input and poor distribution of moisture within a landfill. . . . Although landfills are currently designed for minimum rates of biodegradation by retarding moisture influx, it is important to consider designs to promote faster biodegradation, both for commercial gas recovery and faster return of landfill sites to alternative land uses."[8]

22.     Indeed, this is why the FTC has challenged biodegradable representations similar to those challenged in this case. For example, *In the Matter of Down to Earth Designs, Inc., A Corp.*, the FTC filed a complaint against a company that also labeled their baby wipes as "100% biodegradable." No. 122-3268, 2014 WL 253521, at *1 (MSNET Jan. 17, 2014).

23.     In the complaint, the FTC made it clear that, "Consumers likely interpret unqualified degradable claims to mean that the entire product or package will completely decompose into elements found in nature within a reasonably short period of time after customary disposal. For items entering the solid waste stream, consumers likely interpret unqualified degradable claims to mean that the item will completely decompose within one year after customary disposal." *Id*. at *3 (citing 16 C.F.R. § 260.8(b),(c)).

24.     Despite this expectation, the wipes were not biodegradable. This is because the wipes were customarily disposed of in a landfill or incinerator, which simply "do not present conditions for biodegradation or composting within a reasonably short period of time." *Id*. at *3.

25.     Ultimately, a settlement was reached between Down to Earth Designs, Inc. and the FTC; however, such actions demonstrate that even the FTC has recognized that biodegradable representations of the kind challenged herein can mislead reasonable

---

[8] JEAN E. BOGNER, CANDACE ROSE, & ROBERT PIORKOWSKI, MODIFIED BIOCHEMICAL METHANE POTENTIAL (BMP) ASSAYS TO ASSESS BIODEGRADATION POTENTIAL OF LANDFILLED REFUSE (1989).

8

consumers.

26.    Accordingly, the reasonable belief of Plaintiff and other class members that the Wipes will biodegrade within a reasonable period of time after customary disposal was a significant factor in the decision to purchase the Wipes.

27.    Indeed, products that actually biodegrade within a reasonable time frame is important to consumers because consumers value products that are good for the environment.

28.    As the entity responsible for the development, labeling, manufacturing, advertising, distribution and sale of the Wipes, Defendant knew or should have known that the Wipes are falsely and deceptively represented as being biodegradable.

29.    Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Wipes, would rely on Defendant's front label representations. Nonetheless, Defendant deceptively labels and advertises the Wipes in order to deceive consumers and gain an unfair advantage in the market.

30.    Consumers are willing to pay more for the Wipes based on the belief that the Wipes are biodegradable. Plaintiff and other consumers would have paid significantly less for the Wipes, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and other class members would not have paid had they been fully informed.

31.    Therefore, Plaintiff and other consumers purchasing the Wipes have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS DEFINITION AND ALLEGATIONS

32.    Plaintiff brings this matter on behalf of herself and those similarly situated.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following Class (herein, the "New York Class" or "Class"):

> All residents of New York who purchased any of the Wipes in New York for personal, family, or household use and not for resale within the applicable statute of limitations period.

33.     Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveal that the Class should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

34.     The following people and entities are excluded from the Class: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.     This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

36.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely hundreds of thousands of Class members.

37.    **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.   whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

    b.   whether reasonable consumers would rely upon Defendant's representations about the Wipes and reasonably believe the Wipes are biodegradable (i.e., will completely decompose within a reasonable time period after customary disposal);

    c.   whether Defendant knew or should have known its representations were false or misleading;

    d.   whether Defendant was unjustly enriched by retaining monies from the sale of the Wipes;

    e.   whether certification of the Class is appropriate under Rule 23;

    f.   whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

    g.   the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

38.    **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Wipes. Plaintiff and the members of the Class relied on the representations made by the Defendant about the Wipes prior to purchasing the Wipes. Plaintiff and the members of each Class paid for Defendant's Wipes and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

39.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Class as her interests do not conflict with the interests of the members of the proposed Class she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

40.    **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

41.    **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### *(On Behalf of Plaintiff and the Class)*

42.    Plaintiff repeats and realleges Paragraphs 1-41 as if fully set forth herein.

43.     New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

44.     The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class Members seek monetary damages.

45.     Defendant misleadingly, inaccurately, and deceptively advertised and marketed its Wipes to consumers.

46.     Defendant's improper consumer-oriented conduct—labeling the Wipes with Biodegradable Representations even though the Wipes will not will completely decompose within a reasonable time period after customary disposal—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class to purchase and pay a premium for Defendant's Wipes and to consume the Wipes when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

47.     Plaintiff and the Class have been injured inasmuch as they paid a premium for the Wipes even though they do not completely decompose within a reasonable period of time after customary disposal, contrary to Defendant's Biodegradable Representations. Accordingly, Plaintiff and the Class received less than what they bargained and/or paid for.

48.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the Class have been damaged thereby.

49.     As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350
### *(On Behalf of Plaintiff and the Class)*

50.     Plaintiff repeats and realleges Paragraphs 1-41 as if fully set forth herein.

51.     New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

52.     GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

53.     Defendant's Biodegradable Representations lead reasonable consumers to believe that the Wipes will completely decompose within a reasonable time period after customary disposal. Thus, the Biodegradable Representations are materially misleading representations inasmuch as they misrepresent the Wipe's degradability after customary disposal.

54.     Plaintiff and Class members have been injured inasmuch as they relied upon the Biodegradable Representations and paid a premium for Wipes that were not as promised. Accordingly, Plaintiff and Class members received less than what they bargained and/or paid for.

55.     Defendant's Biodegradable Representations induced Plaintiff and the Class to buy Defendant's Wipes. Thus, Defendant made material misrepresentations about the Wipes.

56.     Defendant made the foregoing untrue and/or misleading representations willfully, wantonly, and with reckless disregard for the truth.

57.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Wipes were exposed to Defendant's material misrepresentations.

58.     As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF BREACH OF EXPRESS WARRANTY STATUTE
### N.Y. U.C.C. Law § 2-313
### *(On behalf of Plaintiff and the Class)*

59.     Plaintiff repeats and realleges Paragraphs 1-41 as if fully set forth herein.

60.     Plaintiff and members of the Class formed a contract with Defendant at the time they purchased the Wipes. As part of those contracts, Defendant represented that the Wipes are "100% Biodegradable Wipes," along with the image of a green leaf, even though the Wipes will not completely decompose within a reasonable time period after customary disposal.

61.     These representations constitute an express warranty and became part of the basis of the bargain between Plaintiff and members of the Class, on the one hand, and Defendant, on the other.

62.     Defendant made the representations to induce Plaintiff and members of the Class to purchase the Wipes, and Plaintiff and the Class relied on the representations in purchasing the Wipes.

63.     All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the Class.

64.     Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

65.     Defendant breached the express warranties about the Wipes because, as alleged above, the Wipes will not completely decompose within a reasonable time period after customary disposal.

66.     As a result of Defendant's breaches of express warranty, Plaintiff and Class members were damaged in the amount of the premium price they paid for the Wipes, in amounts to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**IN THE ALTERNATIVE, UNJUST ENRICHMENT**
*(On behalf of Plaintiff and the Class)*

67.     Plaintiff repeats and realleges Paragraphs 1-41 as if fully set forth herein.

68.    To the extent the Court finds that Plaintiff and the members of the Class did not form a contract with Defendant at the time they purchased the Wipes, Plaintiff brings this claim for unjust enrichment in the alternative, individually and on behalf of the Class.

69.    Plaintiff and the Class purchased Defendant's Wipes and paid a premium for the Wipes. Defendant misrepresented that the Wipes were biodegradable, which commanded a price premium on the market.

70.    Defendant had knowledge of such benefit and obtained the benefit by its misrepresentations because the misrepresentations induced reasonable consumers to purchase the Wipes when they would not otherwise have purchased them or would have purchased them at a lower price.

71.    Defendant appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and the Class. Defendant currently retains this benefit.

72.    Defendant's acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendant's misconduct detailed at length in this Complaint.

73.    Equity cannot in good conscience permit Defendant to be economically enriched for such action at the expense of Plaintiff and the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Class(es), respectfully request that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

a.   Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b.   A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes and laws cited herein;

c.   An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and members of the Class to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d.   An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e.   Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

f.   an award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

g.   an award of pre- and post-judgment interest to Plaintiff and members each of the Class if applicable; and, ordering further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff and members of the Class demand a jury trial on all issues so triable.

**CUSTODIO & DUBEY, LLP**


By:   /s/ Robert Abiri


Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

**TREEHOUSE LAW, LLP**
Ruhandy Glezakos (SBN 307473) (*pro hac vice forthcoming*)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
rglezakos@treehouselaw.com
bheikali@treehouselaw.com
jnassir@treehouselaw.com


*Attorneys for Plaintiff and the Putative Class*