**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY ANN PACE, individually and on behalf of all others similarly situated, | Case No: 1:22-cv-09816-VSB |
| Plaintiffs, | |
| vs. | |
| WATERWIPES (USA), INC., | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT**
**<u>WATERWIPES (USA), INC.'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

I.     PLAINTIFF LACKS STANDING TO SUE ...................................................... 1

    A.    Plaintiff Has Failed to Rebut Defendant's Rule 12(b)(1) Factual Attack............... 1

    B.    Even Without Defendant's Extrinsic Evidence, Plaintiff's Injury
          Allegations Are Facially Insufficient ...................................................... 4

    C.    Plaintiff Lacks Standing for Products Plaintiff Did Not Purchase ........................ 6

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF................................................. 7

    A.    The Complaint Fails the "Reasonable Consumer" Test ......................................... 7

    B.    Plaintiff's Green Guides Allegations Are Insufficient........................................... 9

    C.    Plaintiff's Non-Affirmative Claims Amount to a "Lack of Substantiation" ........ 10

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**CASES**

*Akridge v. Whole Foods Market Group, Inc.*,
2022 WL 955945 (S.D.N.Y. Mar. 30, 2022) ................................................................. 7

*Allegra v. Luxottica Retail North America,*
341 F.R.D. 373 (E.D.N.Y. Jan. 5, 2022) ...................................................................... 2

*Anderson v. Unilever Unites States, Inc.,*
2022 WL 2181575 (S.D.N.Y. June 16, 2022) ............................................................. 5

*Axon v. Florida's Natural Growers, Inc.*,
813 Fed. Appx. 701 (2d Cir. 2020) ............................................................................. 4

*Baur v. Veneman*,
352 F.3d 625 (2d Cir. 2003) ........................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................... 9

*Bush v. Rust-Oleum Corp.*,
2021 WL 24842 (N.D. Cal. Jan. 4, 2021) .................................................................... 8

*Carter v. HealthPort Techs., LLC*,
822 F.3d 47 (2d Cir. 2016) ........................................................................................... 2

*Colella v. Atkins Nutritionals, Inc.*,
348 F. Supp. 3d 120 (E.D.N.Y. 2018) ......................................................................... 4

*Colpitts v. Blue Diamond Growers*,
527 F. Supp. 3d 562 (S.D.N.Y. 2021) ......................................................................... 5

*Cooper v. Anheuser-Busch, LLC*,
553 F. Supp. 3d 83 (S.D.N.Y. 2021) ........................................................................... 5

*Curtis v. 7-Eleven, Inc.*,
2022 WL 4182384 (N.D. Ill., Sept. 13, 2022) ............................................................ 8

*Dean v. Colgate-Palmolive Co.*,
2018 WL 6265003 (C.D. Cal. Mar. 8, 2018) .............................................................. 3

*DiMuro v. Clinique Laboratories, LLC*,
572 Fed.Appx. 27 (2d Cir. 2014) ................................................................................ 7

*Duchimaza v. Niagara Bottling, LLC*,
2022 WL 3139898 (S.D.N.Y., Aug. 5, 2022) ................................................................... 8

*Dye v. Kopiec*,
2016 WL 7351810 (S.D.N.Y. Dec. 16, 2016) .................................................................. 2

*ECM BioFilms, Inc. v. FTC*,
851 F.3d 599 (6th Cir. 2017) .......................................................................................... 7

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013) ........................................................................................... 9

*Fishon v. Peloton Interactive, Inc.*,
2022 WL 3284670 (S.D.N.Y. Aug. 11, 2022) ................................................................ 5

*Gaminde v. Lang Pharma Nutrition, Inc.*,
2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019) ............................................................... 6

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
317 F.R.D. 374 (S.D.N.Y. 2016) .................................................................................... 4

*Hart v. BHH, LLC*,
2016 WL 2642228 (S.D.N.Y. May 5, 2016) ................................................................... 7

*Holland v. JPMorgan Chase Bank, N.A.*,
2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019) ................................................................ 3

*In re NJOY, Inc. Consumer Class Action Litigation*,
2016 WL 787415 (C.D. Cal. Feb. 2, 2016) ..................................................................... 3

*Izquierdo v. Panera Bread Co.*,
450 F. Supp. 3d 453 (S.D.N.Y. 2020) ............................................................................. 4

*Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*,
239 F. Supp. 3d 710 (S.D.N.Y. 2017) ............................................................................. 2

*Locklin v. StriVectin Operating Company, Inc.*,
2022 WL 867248 (N.D. Cal. Mar. 23, 2022) .................................................................. 6

*Louis v. New York Housing Authority*,
152 F.Supp.3d 143 ......................................................................................................... 10

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) ............................................................................................ 2

*McCrary v. Elations Co. LLC*,
2014 WL 12589137 (C.D. Cal. Dec. 2, 2014) ................................................................ 3

*Moore v. IOD Incorporated*,
2016 WL 8941200 (Mar. 24, 2016) ................................................................................. 5

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
693 F.3d 145 (2d Cir. 2012) ............................................................................................ 6

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013) ........................................................................... 10

*Rawson v. ALDI, Inc.*,
2022 WL 1556395 (N.D. Ill. May 17, 2022) .................................................................. 8

*Schneider v. Chipotle Mexican Grill, Inc.*,
328 F.R.D. 520 (N.D. Cal. 2018) .................................................................................... 3

*Shipping Fin. Servs. Corp.*,
140 F.3d .......................................................................................................................... 3

*Sitt v. Nature's Bounty, Inc.*,
2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ............................................................... 6

*Small v. Lorillard Tobacco Co.*,
94 N.Y.2d 43 (1999) ....................................................................................................... 4

*Smith v. Keurig Green Mt., Inc.*,
393 F.Supp. 3d 837 (N.D. Cal. 2019) ............................................................................. 8

*Swartz v. Coca-Cola Company*,
2022 WL 17881771 (N.D. Cal. Nov. 18, 2022) ............................................................. 9

*Wallace v. ConAgra Foods, Inc.*,
747 F.3d 1025 (8th Cir. 2014) ........................................................................................ 6

*White v. Kroger Co.*,
2022 WL 888657 (N.D. Cal. Mar. 25, 2022) ................................................................. 8

## REGULATIONS

16 CFR § 260.1(a)-(b) .................................................................................................... 8

Plaintiff's Opposition[1] confirms that Plaintiff is "not opposing Defendant's motion to dismiss as to Plaintiff's Breach of Express Warranty and Unjust Enrichment Claims." Opp. at 2 n.1. Nor has Plaintiff sought injunctive relief. Thus, all that remains for this Court's consideration is whether Plaintiff has standing to sue and/or has stated a claim for monetary damages under the Complaint's two remaining causes of action under GBL Sections 349 and 350.

As to standing, WaterWipes has made a "factual attack" under Rule 12(b)(1), but Plaintiff has failed to submit a shred of evidence in defense of standing, as Plaintiff was required to do. Instead, Plaintiff devotes pages to disputing the materiality of "before-and-after" pricing evidence by citing wholly inapplicable out-of-state cases, none of which found that "before-and-after" pricing evidence is immaterial. With no rebuttal evidence to contradict WaterWipes' material evidence, Plaintiff doubles down on the Complaint's conclusory and boilerplate allegations and, in doing so, fails to meet Plaintiff's burden of "proving" subject matter jurisdiction.

On the merits, Plaintiff still has not explained how reasonable consumers would ignore the literal interpretation, common usage, and Dictionary definition of "biodegradable" to credit Plaintiff's unreasonable interpretation of the word. Indeed, the Opposition confirms that the focus of Plaintiff's allegations is that *landfills* – not the New Wipes themselves – are generally not conducive to biodegradation or composting within a reasonable amount of time. As analogous cases have held, this "extrinsic" problem cannot be the basis of Defendant's liability. Plaintiff's claims are simply implausible. The Complaint should be dismissed in its entirety with prejudice.

## I.   PLAINTIFF LACKS STANDING TO SUE

### A.   Plaintiff Has Failed to Rebut Defendant's Rule 12(b)(1) Factual Attack

Plaintiff acknowledges that Defendant has raised a "factual attack" on subject matter

---

[1] Unless otherwise noted: (i) "Defendant" or "WaterWipes" refers to Defendant Water Wipes (USA) Inc.; (ii) "Plaintiff" refers to Plaintiff Brittany Ann Pace; (iii) "Complaint" or "Compl." refers to the Class Action Complaint (ECF No. 1); (iv) "Motion" or "Mot." refers to Defendant's Motion to Dismiss (ECF No. 19); (v) "Opposition" or "Opp. refers to Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 22); (vi) "RJN" refers to Defendant's Request for Judicial Notice (ECF No. 21); (vii) "Declaration of Gemma Seery" refers to the Declaration of Gemma Seery (ECF No. 20); (viii) all emphasis is added; (ix) all internal citations and quotation marks are omitted; and (x) undefined terms have the meanings ascribed to them in the Motion.

jurisdiction under Rule 12(b)(1). *See* Opp. at 6. Specifically, WaterWipes has submitted evidence directly contradicting Plaintiff's "price premium" theory of injury by showing that the New Wipes are and have been a "premium" product because of their pure formulation (made of only 2 ingredients) and because there was no price increase in the product after the biodegradable claim was added. Mot. at 8. Among other things, Defendant's evidence references market data showing that the average selling price of a twelve-pack of 60-count Wipes - from the same store that Plaintiff purchased her Wipes and during the same time period - ***dropped*** after the biodegradable statements were added. *Id*.[2] Upon WaterWipes' factual attack, the burden shifted to Plaintiff to "***prov[e]*** by a preponderance of the evidence that subject matter jurisdiction exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff, however, fails to offer any evidence to rebut WaterWipes' evidence. Instead, Plaintiff stands on the sufficiency of the Complaint's allegations and argues that Defendant's evidence is immaterial. *See* Opp. at 6. But evidence is only immaterial if "it does not contradict plausible allegations that are themselves sufficient to show standing." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). Plaintiff's conclusory and boilerplate allegations are not only facially insufficient to confer standing[3], but Defendant's evidence that the New Wipes' price did not increase after the biodegradable statements were added materially contradicts Plaintiff's price premium theory of injury. *See, e.g.*, Compl. ¶ 30 ("Defendant ***commands a price*** that Plaintiff and other class members would not have paid had they been fully informed.").

Plaintiff's citation to primarily out-of-state cases in later stages of litigation with different burdens of proof does not demonstrate otherwise. *See* Opp. at 6-7. Indeed, none of these decisions found evidence of before-and-after pricing immaterial. *See, e.g.*, *Allegra v. Luxottica Retail North*

---

[2] Plaintiff attempts to deflect from Defendant's strong factual attack by objecting to the Declaration of Gemma Seery as "self-serving." "There is no law, however, preventing a court from relying on 'self-serving' affidavits—indeed, parties in a litigation routinely submit affidavits on their own behalf whose only purpose is to substantiate the claims alleged." *Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 239 F. Supp. 3d 710, 737 (S.D.N.Y. 2017); *Dye v. Kopiec*, 2016 WL 7351810, at *3 (S.D.N.Y. Dec. 16, 2016) ("[The] [d]efendant's declaration cannot be disregarded merely because it is self-serving.").
[3] *See* Motion at III.A and B, and Section I.B below.

*America,* 341 F.R.D. 373, 388, 455 (E.D.N.Y. Jan. 5, 2022) (rejecting the defendant's response to the price premium theory in a class certification motion related to securities fraud class actions); *Schneider v. Chipotle Mexican Grill, Inc*., 328 F.R.D. 520, 531 (N.D. Cal. 2018) (determining on summary judgment motion there was no triable issue as to whether the plaintiffs paid a price premium under California law); *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *9 (C.D. Cal. Dec. 2, 2014) (considering the defendant's motion to exclude expert opinion determining the basis of the expert's calculation of price premium damages was "sufficiently reliable"); *Dean v. Colgate-Palmolive Co*., 2018 WL 6265003, *9-10 (C.D. Cal. Mar. 8, 2018) (finding persuasive the plaintiff's "critiques" of the defendant's experts' damages analysis on motion for class certification). On the contrary, these cases indicate that before-and-after pricing is a material and controverted issue that could defeat a price premium theory of injury if properly presented. *See, e.g., In re NJOY, Inc. Consumer Class Action Litigation*, 2016 WL 787415, *7 (C.D. Cal. Feb. 2, 2016) (rejecting damages methodology that "ignores the price at which [the defendant] . . . would be willing to sell their products").

Plaintiff further argues that Defendant's evidence of the price of the New Wipes alone does not "tell the whole story" about price fluctuations. Opp. at 7. Clearly, Plaintiff misunderstands a claimant's burden on a factual attack under Rule 12(b)(1). While Defendant bears the burden to materially controvert Plaintiff's standing allegations (as it has done), it is not required to affirmatively **disprove** Plaintiff's standing. Rather, it is Plaintiff that has the burden to "affirmatively" prove jurisdiction. *Holland v. JPMorgan Chase Bank, N.A*., 2019 WL 4054834, *6 (S.D.N.Y. Aug. 28, 2019), citing *Shipping Fin. Servs. Corp.*, 140 F.3d at 131 (in a factual attack, "jurisdiction must be shown affirmatively"); *see also Carter*, 822 F.3d at 57 (in opposing a factual attack, "the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant"). If Plaintiff had any evidence whatsoever to show that there is more to the "story," Plaintiff could have rebutted Defendant's factual attack with evidence supporting jurisdiction. The fact that Plaintiff did not is telling and fatal to Plaintiff's claims.

**B.      Even Without Defendant's Extrinsic Evidence, Plaintiff's Injury Allegations Are Facially Insufficient**

To support the existence of standing, Plaintiff points to bald allegations that, had Plaintiff known that the New Wipes would not biodegrade within a reasonable period of time after customary disposal, Plaintiff "would not have purchased the Wipes, or would have paid significantly less for them." Opp. at 4, citing Compl. ¶ 4. As an initial matter, "the New York Court of Appeals has *rejected* the idea that 'consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349.'" *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 391 (S.D.N.Y. 2016), citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). Thus, all that remains is Plaintiff's price premium theory of injury.

Plaintiff does not dispute that the Complaint's allegations of injury are conclusory and boilerplate but, instead, contends such allegations are sufficient at the pleading stage. *See* Opp. at 4, 7. However, "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Holland*, 2019 WL 4054834, citing *Baur v. Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (finding no injury where the plaintiff failed to allege specific facts supporting price premium theory of injury). Contrary to Plaintiff's contention, *Colella* is still good law and the Second Circuit in *Axon* did not set new "precedent" allowing conclusory and boilerplate allegations to pass muster. *See* Opp. at 5, citing *Axon v. Florida's Natural Growers, Inc.*, 813 Fed. Appx. 701 (2d Cir. 2020) (summary order finding that, given the specific facts and allegations of the case, the plaintiff had alleged an injury - with no mention of *Colella*).

The allegations made in the other cases cited by Plaintiff are also distinguishable relative to the threadbare contentions in the Complaint. In *Izquierdo*, for example, this Court noted that the plaintiff "*just barely*—pled the "injury" element of his claims." *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 464 (S.D.N.Y. 2020). However, the plaintiff in *Izquierdo* pled far more than Plaintiff has pled in this case – including that "he purchased the Bagel for $1.39" because it

contained "a non-negligible quantity of blueberries," and that "it was inferior to low-cost supermarket-shelf blueberry bagels" because it contained only a trace amount of real blueberries. *Id.* at 464. Similarly, in *Colpitts*, the Plaintiff alleged that the product was "sold at a premium price, approximately no less than $2.79 per 1.5 OZ, excluding tax, compared to other similar products represented in a non-misleading way." *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 573 (S.D.N.Y. 2021). Lastly, in *Fishon,* the court noted that "Plaintiffs allege that each additional class in Peloton's on-demand library adds value to the subscription service and that Peloton's representations caused Plaintiffs to pay increased costs for the Hardware and the subscription service, which were 'worth less than represented' because of the misrepresentations about the on-demand library." *Fishon v. Peloton Interactive, Inc.*, 2022 WL 3284670, at *9 (S.D.N.Y. Aug. 11, 2022). Unlike the allegations in these cases, the Complaint does not contain allegations which support its bare conclusion that Plaintiff paid a higher price for the New Wipes than Plaintiff otherwise would have absent Defendant's allegedly deceptive acts.

Plaintiff's cited cases are further distinguishable from the instant matter for two unique reasons. *First*, as discussed above, Defendant has made a "factual" attack on jurisdiction based on extrinsic evidence. Under these circumstances, "the Court is not required to accord any presumption of truthfulness to the allegations of the complaint; nor is the Court required to draw inferences most favorable to the plaintiff based on the allegations of the pleading." *Holland*, 2019 WL 4054834, *6, citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Moore v. IOD Incorporated*, 2016 WL 8941200, *3 (Mar. 24, 2016) (Broderick, J.) (same). None of the cases cited by Plaintiff, including *Anderson v. Unilever Unites States, Inc*[4] and *Cooper v. Anheuser-Busch, LLC*[5], involved factual attacks. *See* Opp. at 4. In the face of Defendant's factual attack without any rebuttal evidence from Plaintiff, crediting the Complaint's boilerplate and conclusory allegations "would rest solely on speculation" and be impermissible. *Holland*, 2019 WL 4054834, *8 (finding no standing where the plaintiff failed to present any

---

[4] 2022 WL 2181575 (S.D.N.Y. June 16, 2022).
[5] 553 F. Supp. 3d 83 (S.D.N.Y. 2021).

credible evidence to rebut the defendant's evidence and rested on the pleading).

*Second*, Plaintiff's theory of injury is conditional, attenuated, speculative, and not tethered to Defendant's alleged misconduct. The Opposition confirms that the crux of Plaintiff's claims is extrinsic and related only to the conditions of landfills, and not the composition or any intrinsic feature of the New Wipes. *See* Opp. at 8. Moreover, the studies cited in the Complaint related to landfills are themselves speculative, as they merely show that waste ***may*** not quickly biodegrade under landfill conditions. Opp. at 25; *see* Compl. ¶ 19-21. Plaintiff's studies do not consider the material the New Wipes are made of or what happens if the wipes are disposed of other than being placed in the trash.[6] Indeed, the inference naturally drawn from the Complaint's allegations is that there are circumstances under which the New Wipes ***will*** quickly and automatically biodegrade (e.g., if they are not disposed of in a trash can or in a landfill). *See* Compl. ¶ 12. Tellingly, Plaintiff makes no effort to distinguish *Gaminde v. Lang Pharma Nutrition, Inc.*, 2019 WL 1338724, at *2 (N.D.N.Y. Mar. 25, 2019) and *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030–31 (8th Cir. 2014), both of which found no standing based on "speculative" allegations of injury. *See* Mot. at 9. Like in those cases, Plaintiff's standing allegations are purely speculative and must be dismissed.

### C.    Plaintiff Lacks Standing for Products Plaintiff Did Not Purchase

Despite the Opposition's pronouncement to the contrary, there ***is*** a question as to whether the New Wipes are "sufficiently similar" to the other wipes products at issue. *See* Opp. at 11. The only mention in the Complaint of products Plaintiff did not purchase is a generic picture of the front labels of their packaging. *See* Compl. ¶ 10. This is insufficient to support standing under *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012)

---

[6] Defendant does not contend that Plaintiff must prove the claims in the Complaint with the studies alleged in the Complaint, as Plaintiff would have it. *See* Opp. at 9. Defendant simply contends that, at the least, Plaintiff must allege injury that is plausibly non-speculative and tethered to Defendant's alleged misconduct, and Plaintiff's generic, unrelated, and non-dispositive studies do not suffice. Plaintiff's cases are not to the contrary. *Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *10 (E.D.N.Y. Sept. 26, 2016) (finding Plaintiff's allegations sufficiently state the representations are misleading where Plaintiff's studies demonstrate the product failed to alleviate menopause symptoms); *Locklin v. StriVectin Operating Company, Inc.*, 2022 WL 867248, at *1 (N.D. Cal. Mar. 23, 2022) (Plaintiff's studies from the National Oceanic and Atmospheric Administration describe how sunscreen washes off skin into the ocean and lists at least one of the four chemicals that can harm marine life)

as it does not show that the entirety of the packaging of each type of wipes product was labeled in the same manner. Nor does the vague allegation of a back-label in the Complaint specify whether it applies to all of the wipes products, or just to the product Plaintiff purchased. *See* Compl. ¶ 11.

The cases Plaintiff cites in support are inapposite because Plaintiff fails to allege that each wipes product is used for the same purpose. *See e.g., Hart v. BHH, LLC*, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016). On the contrary, the wipes products at issue serve different purposes, as two of the products are for babies and one is for adults, yet Plaintiff fails to allege how these products raise identical sets of concerns as required by this Circuit. *See id.* (finding the claims brought by purchases of different products would not raise nearly identical concerns because "the products are distinct and serve different purposes"). Moreover, Courts regularly dispose of claims related to products not purchased at the pleading stage rather than on a motion for class certification. *DiMuro v. Clinque Laboratories, LLC*, 572 Fed.Appx. 27, 29 (2d Cir. 2014) (summary order following successful motion to dismiss); *Akridge v. Whole Foods Market Group, Inc.*, 2022 WL 955945 (S.D.N.Y. Mar. 30, 2022).

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

### A.      The Complaint Fails the "Reasonable Consumer" Test

The crux of the Complaint is that the New Wipes' "biodegradable" statements are misleading – not because the wipes are not capable of biodegradation, as the word "biodegradable" suggests – but because the wipes will not automatically and quickly biodegrade under any circumstance. As set forth in the Motion, no reasonable consumer would interpret the word "biodegradable" in such a complicated manner. *See* Mot. at 10-13.

Plaintiff seems to contend that the Court should ignore the word's literal interpretation, its common usage, and its Dictionary definition, and solely look to the Green Guides to credit Plaintiff's interpretation of that word. The only case in support of Plaintiff's position - where a court considered the Green Guides' definition of a word over its standard usage and dictionary definition - is *ECM BioFilms, Inc. v. FTC*, 851 F.3d 599 (6th Cir. 2017) and it is distinguishable. *ECM BioFilms* was an action **brought by the Federal Trade Commission** (the "FTC") pursuant to

Section 5 of the FTC Act, under which the FTC is authorized to bring an enforcement action if a marketer allegedly makes an environmental claim inconsistent with the Green Guides. 16 CFR § 260.1(a). *ECM BioFilms* also involved a biodegradable claim made with respect to plastic products. In contrast, this is a private action involving a 100% plant-based product where the Green Guides are not binding, do not preempt federal, state or local law, and are not incorporated into the GBL. 16 CFR § 260.1(a)-(b); Mot. at 13.[7] Here, the Green Guides merely serve as a source of reference, which must be considered against other sources of reference – like the Dictionary, common usage, and how courts have interpreted other similar words – under the reasonable consumer standard.

Plaintiff attempts to distinguish this case from the "recyclable" cases cited in the Motion, *Duchimaza v. Niagara Bottling, LLC*, 2022 WL 3139898 (S.D.N.Y., Aug. 5, 2022) and *Curtis v. 7-Eleven, Inc.*, 2022 WL 4182384 (N.D. Ill., Sept. 13, 2022), by contending that "the way consumers interpret the words 'Recyclable' and 'Biodegradable' are completely different" because, unlike recyclable products, the New Wipes are "incapable" of biodegrading. Opp. at 16. But the Complaint here does not allege that the New Wipes are not biodegradable at all, just that it will take longer than 4 or 12 weeks to break down after customary disposal in landfills. *See* Compl. ¶ 12.[8]

In fact, the Opposition highlights how this case is just like *Curtis*. There, the court considered the plaintiff's claims that the "recyclable" statements on certain plastic goods were

---

[7] Plaintiff also cites to several inapposite and out-of-state cases where courts have "looked" to the FTC's Green Guides at the pleading stage. Opp. at 19, citing *Rawson v. ALDI, Inc.*, 2022 WL 1556395, at *3 (N.D. Ill. May 17, 2022) (Green Guides supported conclusion that sustainable seafood claim was actionable non-puffery); *White v. Kroger Co.*, 2022 WL 888657, at *2 (N.D. Cal. Mar. 25, 2022) (noting no private right of action under the Green Guides and using the Green Guides to support finding that "reef-friendly" was non-puffery); *Bush v. Rust-Oleum Corp.*, 2021 WL 24842, *2 (N.D. Cal. Jan. 4, 2021) (relying on several sources, including the Green Guides, the EPA's evaluation, and a consistent dictionary definition, to find fact issues unsuitable for dismissal).

[8] For the same reason, Plaintiff's citation to the out-of-state case, *Smith v. Keurig Green Mt., Inc.*, 393 F.Supp. 3d 837 (N.D. Cal. 2019), is misplaced. In *Smith*, the plaintiff purchased single-serve plastic coffee pods advertised as "recyclable," with the disclaimer "check locally," but later learned the pods were not recyclable "at all" *Id*. at 841, 844, 846. Because the pods were not recyclable "anywhere" or "at all," the court found that the plaintiff had stated a claim and the disclaimers provided could themselves be misleading. *Id*. at 847. Unlike *Smith*, Plaintiff here does not allege that the New Wipes are not biodegradable "anywhere" or "at all."

false and misleading because the products were ultimately not recycled due to a lack of recycling facilities (an "extrinsic problem," as the court described) or because the defendant failed to mark the products with the necessary "RIC" designations to allow for proper recycling (an "intrinsic problem"). *Id*. at *3. The court found that the plaintiff did not state a claim based on the lack of recycling facilities because such a problem was out of the defendant's control and the defendant "did not make any representations about the likelihood that the products would be recycled." *Id*. at *13. Similarly, here, the Opposition highlights that Plaintiff's real issue is with **landfills** – an "extrinsic" problem - not any "intrinsic" issue involving the New Wipes' composition or makeup. *See also Swartz v. Coca-Cola Company*, 2022 WL 17881771 (N.D. Cal. Nov. 18, 2022) (dismissing case where the causes for the alleged non-recyclability of the bottles were an extrinsic problem - i.e., there were no allegations that "the caps and labels are not capable of being recycled or that they are not accepted by existing recycling programs.").

Faced with gaping holes in the Complaint, Plaintiff attempts to characterize Defendant's arguments as a "competing theory" or a "question of fact" not suitable for resolution at the pleading stage. Opp. at 17-18. While this proposition may be true in some cases, the Second Circuit has confirmed the well-established principle that "a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This is particularly true here where, as discussed in the Motion and above, Plaintiff's claims are obviously unreasonable. Indeed, "some threshold of plausibility must be crossed at the outset before a [consumer class action] case should be permitted to go into its inevitably costly and protracted discovery phase." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 588 (2007). Plaintiff has not met the "threshold of plausibility" here.

### B.    Plaintiff's Green Guides Allegations Are Insufficient

Plaintiff devotes several paragraphs responding to Defendant's argument that the Complaint fails to "plausibly allege" that Defendant's conduct violated the Green Guides, but only vaguely references the Complaint's allegations. Opp. at 19-21. Plaintiff's arguments made in the Opposition cannot serve to establish Plaintiff's claims. *See Louis v. New York Housing Authority*,

152 F.Supp.3d 143. 158 (S.D.N.Y. 2016).

In any event, Plaintiff still fails to explain how Defendant's conduct violated the Green Guides. Plaintiff does not explain why the "EN 13432" standard listed on Defendant's website violates the Green Guides and not just Plaintiff's unilateral view of what is acceptable and what is not. *See* Opp. at 20, citing Compl. ¶ 17 (addressing the degradability standard EN 13432 by referencing an article from European-bioplastics.org that merely explains what the standard means, not how it violates the Green Guides). Nor does Plaintiff explain why the "Please dispose of wipes as per local guidelines" disclaimer on the back of the label would not serve as a qualification of the claim that the New Wipes will biodegrade in 4 or 12 weeks, which also appears on the back label of the packaging and within the same line as the disclaimer. *See* Opp. at 20; *see* RJN, Ex. A.[9]

## C.    Plaintiff's Non-Affirmative Claims Amount to a "Lack of Substantiation"

Plaintiff is mistaken in asserting that the Complaint adequately alleges an affirmative falsehood claim. If Plaintiff properly pled an affirmative falsehood claim, Plaintiff would need to "point to specific statements that form the basis of [Plaintiff's] claim." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013). Plaintiff failed to do so, as the studies set forth in the Complaint to support Plaintiff's claims are inapplicable and speculative. Whether a ***landfill*** creates the conditions for biodegradation or composting within a reasonable amount of time is inapplicable to the claim of whether the New Wipes, made of a plant-based material, will biodegrade. Moreover, the studies cited are speculative, as they merely show that waste ***may*** not biodegrade under landfill conditions. Opp. at 25; *see* Compl. ¶ 19-21. These statements do not consider the material the New Wipes are made of or what happens if the New Wipes are disposed of other than being placed in the trash. Thus, the vague and inapplicable claims are impermissible lack of substantiation claims and should be dismissed.

---

[9] As the Motion explains, the disclaimer "please dispose as per local guidelines" and the statement that the New Wipes will biodegrade in 4 or 12 weeks both appear on the back-label of the New Wipes, in the same size font, and within the same line of text. *See* Compl. ¶ 11; Mot. at 3, 12; RJN Ex. A. Plaintiff, however, only argues that the disclaimer would not cure the New Wipes' ***front-label*** representations. *See* Opp. at 21-24. Moreover, Plaintiff's eleventh-hour interpretation of the disclaimer is unavailing given that the disclaimer is conspicuously omitted from the Complaint.

Dated: February 27, 2023                    Respectfully submitted,


                                            **KELLER & HECKMAN LLP**

                                            */s/ Robert S. Niemann*
                                            _____
                                            Robert S. Niemann, (*Pro Hac Vice*)
                                            Rohit A. Sabnis, (*Pro Hac Vice*)
                                            Sara M. Zeimer, (*Pro Hac Vice*)
                                            Three Embarcadero Center, Suite 1420
                                            San Francisco, CA  94111
                                            TEL:  (415) 948-2800
                                            FAX:  (415) 948-2808
                                            Email:  niemann@khlaw.com
                                            Email:  sabnis@khlaw.com
                                            Email:  zeimer@khlaw.com

                                            Attorneys for Defendant
                                            WATERWIPES (USA), INC.



Dated: February 27. 2023                    Respectfully submitted,


                                            **NATH COOK LAW**

                                            */s/ Rupa Nath Cook*
                                            _____
                                            Rupa Nath Cook
                                              (*Pro Hac Vice Application* to be Submitted)
                                            One Pine Street, Suite 1200
                                            San Francisco, CA  94111
                                            TEL:  (714) 335-2266
                                            Email:  rupa@nathcook.com

                                            Attorneys for Defendant
                                            WATERWIPES (USA), INC.